Mark FRYE, Petitioner,

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (VOLKSWAGEN
OF AMERICA), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2003.

Decided May 12, 2003.

John W. Pollins, III, Greensburg, for petitioner.

Thomas B. Kostolansky, Donora, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Mark Frye (Claimant) and his Counsel[1] appeal from an order of the Workers' Compensation Appeal Board (Board) denying, in part, their penalty petition asking Volkswagen of America and the State Workers' Insurance Fund (collectively Employer) to pay attorney fees. With respect to the contested period, the workers' compensation judge (WCJ) found no violation of the Workers' Compensation Act (Act),[2] and the Board agreed. We affirm.

This case has an extensive history, beginning when Claimant suffered a work-related knee injury in September 1990. Pursuant to an agreement, Claimant received total disability benefits. In October 1994, Employer filed a petition to suspend benefits, which it later modified (petitions), alleging Claimant showed bad faith by failing to pursue physician approved and vocationally appropriate job referrals. The matter was assigned to WCJ Kenney.

Initially, four hearings were held. On October 31, 1996, WCJ Kenney issued an interlocutory supersedeas directing Employer to withhold twenty percent of Claimant's compensation for attorney fees (interlocutory supersedeas). The order specified the fees were to be paid directly to Counsel. The interlocutory supersedeas stated that it was an interim order that did not constitute a final adjudication.

After eight more hearings were held, WCJ Kenney circulated a final order on October 3, 1997, granting Employer's modification petition and dismissing as moot Employer's suspension petition (Modification Order). WCJ Kenney found Claimant acted in bad faith in failing to pursue job referrals. Pertinent to the present appeal, the WCJ stated in Findings of Fact Nos. 27 and 28 (with emphasis added):

27. Claimant's Counsel, John W. Pollins, III has a Fee Agreement with the claimant for attorney's fees in the amount of twenty (20) percent of any and all compensation, plus interest should compensation be awarded to the claimant. *However, effective the circulation date of this Decision all of the claimant's* Workers' Compensation partial disability *benefits* (pursuant to the granting of the [Employer's] Modification Petition as of November 18, 1996) *will be payable directly to the claimant.*

28. . . . [Employer] had a reasonable basis for filing the Modification/Suspension Petitions based on the testimony of the parties involved and from the evidence of record. *Therefore, the claimant will be liable for his own attorney's fees.*

The Modification Order provided that "[n]o Costs [sic], attorney fees (after the circulation date of this Decision and Order) or statutory interest is to be awarded." Modification Order at 17.

---

1. Claimant is a nominal party in this appeal. His counsel, John Pollins, III, is represented by Jon Lewis in this appeal.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

Among other issues, Counsel appealed that part of the ruling discontinuing direct payment of attorney fees. It is significant to note, however, no party sought a supersedeas of any part of the Modification Order.

On January 27, 2000, the Board modified the Modification Order to provide for payment of twenty percent of Claimant's ongoing disability, but affirmed the decision in all other aspects (Board Order). The Board found that Counsel was entitled to twenty percent of Claimant's ongoing compensation pursuant to the executed fee agreement. Board Order at 5, 7.

Nearly nine months later, Counsel filed a penalty petition alleging that Employer violated the terms of the Act and the interlocutory supersedeas by failing to withhold twenty percent of Claimant's benefits and remit them directly to Counsel. Claimant's Petition for Penalties, dated September 26, 2000.

The penalty petition was assigned to WCJ Ada Guyton. By Order circulated May 25, 2001 (Penalty Order), she concluded Employer did not violate the Act by failing to deduct attorney fees between the Modification Order and the Board Order (contested period).[3] She concluded, after the Modification Order, Employer was not under any order to directly pay attorney fees. She noted, too, that the Board Order was not modified by any subsequent orders or agreements. Penalty Order, Conclusion of Law 19. Counsel appealed.

The Board affirmed the Penalty Order. For present purposes, it concluded: that Employer did not violate the Act with respect to payment of attorney fees for the contested period; that the interlocutory supersedeas was superseded by the Modification Order; and that there was no order requiring Employer to withhold attorney fees from Claimant's benefits and pay them to Counsel for the contested period.

On appeal to this Court, Counsel asserts that attorney fees were wrongly paid to Claimant and should have been paid to Counsel. By filing a penalty petition, he sought to force Employer to pay the fees it should have paid to him. Counsel submits the Penalty Order requires Counsel to recoup mispayment from his client. He assigns error in the failure to order Employer to pay attorney fees for the contested period because there is no method for him to recoup from his client fees wrongly paid.

■ Our review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Hrivnak v. Workers' Compensation Appeal Bd. (R & L Dev.),* 791 A.2d 1281 (Pa.Cmwlth.2002). Specifically, here we review whether the Board properly determined that failure to pay attorney fees directly to Counsel between the Modification Order and the Board Order did not support a penalty. The validity of the underlying orders is not at issue.

■ Pursuant to Section 435 of the Act,[4] a violation of the Act or of the rules and

---

**3.** The penalty petition was granted, in part. WCJ Guyton's opinion meticulously reviewed all payments made by Employer to Claimant and Counsel. WCJ Guyton determined, however, that Employer violated the Act for certain brief periods in which Employer lagged in making payments to Claimant. She assessed penalties and interest for those periods.

WCJ Guyton determined that Counsel actually received three weekly payments of fees during the contested period. Those payments occurred immediately following the circulation of the Modification Order.

**4.** *As amended,* 77 P.S. § 991 (relating to Rules and regulations regarding prompt compli-

regulations must appear on the record for imposition of penalties. *Farance v. Workers' Compensation Appeal Bd. (Marino Brothers, Inc.)*, 774 A.2d 785 (Pa.Cmwlth. 2001).

The interlocutory supersedeas was an interim order that did not finally resolve all issues in dispute. WCJ Kenney specifically advised all participants of this aspect of his order. The subsequent Modification Order rendered the interlocutory supersedeas inoperative.

■ The Modification Order fully resolved all issues in controversy, including the payment of counsel fees. Neither Employer nor Counsel requested a supersedeas of the Modification Order. Although Claimant appealed the decision, an appeal does not automatically stay the order. *See* Section 431 of the Act, *as amended,* 77 P.S. § 971. Once the Modification Order circulated, it set the workers' compensation rights of the parties, including the right to payment of attorney fees. Employer did not violate the Act by acting in accordance with this Order.

■ The Board did not reverse the Modification Order. Rather, it modified it "to provide for the payment of twenty percent (20%) of the Claimant's ongoing compensation." Board Order at 5. The Board Order did not make the direct payment of attorney fees retroactive. Employer prospectively deducted attorney fees in accordance with the Board Order. This conduct did not violate the Act or an order of the Board.

Counsel relies on cases that establish the general principle that insurers, with few exceptions, cannot recoup overpayments or wrongly paid benefits from claimants. Cases admit of no exception to permit insurers to recoup overpayment or wrongly paid attorney fees. Counsel suggests that this case allows the insurer to recoup attorney fees wrongly paid to the Claimant by forcing Counsel to recoup the payments for the insurer.

The premise of Counsel's argument is faulty. There was no finding that Employer wrongly paid attorney fees to Claimant. Also, Employer seeks no recovery here. Rather, Counsel seeks additional payment from Employer.

■ Counsel suggests that Employer directly pay the contested attorney fees and seek reimbursement from the Workers' Compensation Supersedeas Fund.[5] He submits that the Fund was created to protect insurers who make payments ultimately determined to be unwarranted. Because the Modification Order ultimately was changed to direct payment to Counsel, Counsel argues Employer is eligible to seek reimbursement from the Fund.

We reject Counsel's argument. Under § 443 of the Act,[6] an employer or insurer seeking reimbursement from the Fund must establish that (1) a request for a supersedeas was made; (2) the request was denied; (3) payment of compensation continued due to the denial of the supersedeas; and (4) it was determined later, in the final outcome of the proceeding that compensation was not, in fact, payable. Here, no party sought a supersedeas. Also, there was never a determination that compensation was not, in fact, payable. Therefore, Employer is not statutorily qualified to receive reimbursement from the Fund.

---

ance; hearings; penalties; occupational disease services).

**5.** Section 442 of the Act, *as amended,* 77 P.S. § 999.

**6.** *As amended,* 77 P.S. § 999(a).

Counsel invites the Court to consider the propriety of the Modification Order. However, this Order is not within our current review. In a penalty proceeding, the issue is whether a party violated the Act, an order or the interpretive regulations. The wisdom of the underlying order is not at issue.

█ Moreover, Counsel has a legally enforceable agreement for payment of services. The fee agreement was approved by both the WCJ and the Board. Although it may not be the normal practice to approve a fee agreement and then require a claimant to pay his attorney directly, this novelty does not impair the validity of the fee agreement [7]. *See* Section 442 of the Act.[8]

We agree with the Board that Employer did not violate the Act or an order issued thereunder. Accordingly, we affirm the Board's order.

### *ORDER*

AND NOW, this 12th day of May, 2003, the decision of the Workers' Compensation Appeal Board is affirmed.

### CONCURRING OPINION BY JUDGE McGINLEY

I concur with the result reached by the majority that "[w]e agree with the Board that Employer did not violate the Act or an order issued thereunder." I write separately, however, to express concern about the procedure unilaterally promulgated by the WCJ. Additionally, I wish to point out how problems result when Counsel neglects to preserve an issue and subsequently attempts to pursue it.[1] Had Counsel, by supersedeas, challenged the procedure, this Court may have reversed and granted attorney fees.

In footnote number 7, the majority states that "[w]e reiterate that *Counsel did not file a supersedeas from the Modification Order* nor did he act upon his concern regarding the payment of counsel fees until he filed the penalty petition three years after the Modification Order and nearly nine months after the Board Order." (Emphasis added). For clarification purposes, I note that footnote number 7 accurately recounts the procedural history and not the majority's statement on page 3, specifically that "Counsel appealed that part of the ruling discontinuing direct payment of attorney fees."

Originally, the WCJ granted Employer's modification petition and authorized the direct payment of benefits to Claimant who then became responsible to pay his attorney fee. On appeal, Claimant asserted that "[t]he Court erred in granting a Modification from total to partial disability without evidence or finding a change of condition ... denying reimbursement of

---

**7.** We reiterate that Counsel did not file a supersedeas from the Modification Order nor did he act upon his concern regarding the payment of counsel fees until he filed the penalty petition three years after the Modification Order and nearly nine months after the Board Order.

**8.** *As amended,* 77 P.S. § 998 (relating to attorney's fees; service performed before referee or board; approval; amount). This section provides that "[a]ll counsel fees agreed upon by claimant and his attorneys, for services performed in matters before any workers'

compensation judge or board, *whether or not allowed as part of a judgment,* shall be approved by the workers' compensation judge or board as the case may be ...."(emphasis added). Counsel fees need to be approved, but need not be made a part of the judgment.

**1.** The chain of events began with the WCJ's Modification Order that directed payment to Claimant without a deduction for attorney fees. This error was complicated by Counsel's failure to pursue a supersedeas or to file a precise and articulate appeal.

costs and *collection of attorney's fees.*" (Emphasis added). Cross Appeal from Judge's Findings of Fact and Conclusions of Law, October 28, 1997; Reproduced Record at 75a.

The Board relied strictly upon the fee agreement and modified "the WCJ's Decision to provide for the payment of twenty percent (20%) of Claimant's ongoing compensation." Board Opinion, January 27, 2000, at 5. In Claimant's appeal to the Board, Counsel either failed to pursue the impropriety of Finding of Fact No. 27[2] or the Board did not address the problem of bypassing Employer and directing payment of attorney fees by Claimant to Counsel.

When asked whether he appealed Finding of Fact No. 27 and whether benefits were properly payable directly to Claimant, Counsel responded, "I don't know. It's hard to say that I overlooked the absence of fees to myself. So you'd think I would have [appealed Finding of Fact No. 27]." Deposition of John Pollins, III, Esquire, February 12, 2001, (Pollins Deposition) at 12–13. Further, Counsel had no recollection whether he did or did not file a supersedeas petition. Pollins Deposition at 14. In sum, the record certainly lacks any support for any conclusion other than that Counsel abandoned the challenge to the payment procedure put in place by the WCJ. It is also apparent that Counsel is not free from blame for the condition of this record and the defects in procedure.

Nevertheless, I believe the procedure that the WCJ followed must be rejected. Under the Act, the fee agreement must be approved by the WCJ or the Board. As to ongoing benefits, it is standard practice for the insurer or employer to deduct counsel fees from the claimant's benefits and pay counsel directly.[3]

The procedure described in Findings of Fact Nos. 27 and 28, i.e. the direct payment to Claimant without a deduction for counsel fees, contravenes and disrupts the practical, reasonable, and traditional method of payment. I refuse to approve such a procedure because turning over the reins to a claimant to timely and consistently pay attorney fees from the benefits received creates nothing but problems. Being realistic, benefits are often less than substantial and the practical result caused by such a procedure promulgated by the WCJ would be refusal by counsel to pursue claims that involve a legal or a factual contest. In the present controversy, the Modification Order substantially hindered the remedial purpose of the Act. Few procedures would be more disastrous.

Moreover, regulations are instructive for purposes of statutory interpretation. In *Birdsboro v. Department of Environmental Protection,* 795 A.2d 444 (Pa.Cmwlth. 2002), this Court stated that " 'DE[P]'s interpretation of its regulations and regulatory scheme is entitled to deference and should not be disregarded unless shown to be clearly erroneous.' " *Id.* at 448 *quoting Hatchard v. Department of Environmental Resources,* 149 Pa.Cmwlth. 145, 612 A.2d 621, 624 (Pa.Cmwlth.1992).

Here, the majority addresses Section 442 of the Act, 77 P.S. § 998 with respect to the approval of fee agreements. I believe the following regulation provides a more specific guideline. Pursuant to 34 Pa.Code § 121.24:

---

**2.** The briefs filed with the Board are not part of the record, so this Court cannot verify whether a challenge to Finding of Fact No. 27 was pursued in the brief.

**3.** When benefits are not ongoing, an agreement between counsel and the claimant is more appropriately in play.

[T]he referee [now known as WCJ] or the board member hearing the case shall obtain from the claimant's attorney a copy of the fee agreement or claim and a copy of any other statement or claim for disbursements to be made on account of the presentation of the case, and, after determining the proper amount to be allowed in relation to the services rendered, shall specify in the decision the amount approved for disbursement.

It is noteworthy that the WCJ utterly failed to comply with this directive.