**Kurt REEDER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MERCER LIME AND STONE CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2005.

Decided April 1, 2005.

Neal A. Sanders, Butler, for petitioner.

Robert J. Pasquarelli, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Kurt Reeder (Claimant) petitions for review of the September 13, 2004, order of the Workers' Compensation Appeal Board (WCAB) that affirmed the decision of a workers' compensation judge (WCJ) granting the modification/review petition filed by Mercer Lime and Stone Company (Employer). We affirm.

Claimant suffered a work-related injury to his face and right eye on April 2, 1998, when a machine hose exploded in his face. Claimant filed a claim petition against Employer, and Claimant also filed a civil action against the manufacturer of the machine and the manufacturer of the safety wear he was using at the time of his injury. Thereafter, Employer filed a suspension petition, and Claimant amended his claim petition to request approval for a Compromise and Release (C & R). The parties agreed that the adjudication of the C & R constituted an adjudication of their respective petitions.

By decision and order circulated April 29, 1999, WCJ Robert Steiner granted the C & R petition. The C & R provided that Employer would pay Claimant $99,000 as settlement of Employer's obligations to Claimant for any wage loss or specific loss benefits and that Employer would continue to pay all reasonable and necessary medical bills related to Claimant's work injury. The parties agreed that the C & R had no impact on Employer's subrogation rights with respect to any third-party recovery made by Claimant.[1] The parties also stip-

---

1. Section 319 of the Workers' Compensation Act, Act of June 15, 1915, P.L. 736, *as amended,* 77 P.S. § 671, provides that where a compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee against such third party to the extent of compensation payable. Thus, an employer who has paid workers' compensation benefits to a claimant injured by a third party has an absolute right to immediate payment of its subrogation lien from the claim-

ant's recovery against the third party, after payment of attorney fees and litigation expenses; to the extent the recovery exceeds the past due lien and litigation costs, the balance is paid to the claimant, and the employer retains a contingent lien against this payment for the reimbursement of future compensation benefits which may become payable. *Mrkich v. Workers' Compensation Appeal Board (Allegheny County Children & Youth Services),* 801 A.2d 668 (Pa.Cmwlth.2002). It is well-settled that payments of medical expenses are com-

ulated that there was a lien or potential lien for subrogation, with the exact amount dependent on future medical payments and the amount of the third-party recovery. No appeal was taken from this decision. (WCJ's Findings of Fact, Nos. 3–4, R.R. at 52–53.)

Claimant subsequently settled the third-party civil action for the sum of $260,000. Edward Colerich (Colerich), a representative of Zurich American Insurance Company (Zurich), Employer's insurer, participated in the settlement negotiations. As part of that settlement, Zurich agreed to accept the sum of $86,666 in satisfaction of its accrued lien of approximately $180,000. Colerich confirmed the compromise of Employer's lien by letter to Claimant's attorney dated April 10, 2002. (R.R. at 22.)

Employer then tendered a Third Party Settlement Agreement (form LIBC–380) to Claimant, in which Employer claimed entitlement to a grace period as a credit against future medical benefits. (R.R. at 1.) Claimant refused to sign this form, arguing that Employer was not entitled to any additional credit against the third-party recovery; Claimant asserted that the sum of $86,666 that Zurich accepted at the settlement of the third-party action represented a full and complete satisfaction of Employer's subrogation interest. On October 7, 2002, Employer filed a modification/review petition seeking to modify compensation payable to Claimant and averring entitlement to subrogation credit against the third-party recovery. Claimant filed a timely answer, and this matter also was assigned to WCJ Steiner.

In support of its petition, Employer submitted the deposition testimony of Cole-

rich, who stated that Zurich agreed to compromise its subrogation lien of over $180,000 by accepting payment of $86,666. However, Colerich stated that at no time during the third party settlement negotiations did he agree that the $86,666 represented a settlement for any credit for future medical expenses. Instead, Colerich testified he understood that the amount accepted only applied to the past indemnity and medical expenses already paid at the time of settlement and did not apply to future medical expenses. Colerich stated that he never was requested to waive any of the liens for future medical expenses by Claimant's attorney or anyone else on Claimant's behalf. (S.R.R. at 14–16, 18, 36; WCJ's Findings of Fact, Nos. 8, 11, R.R. at 54–55.)

■ The WCJ observed that neither party presented any written or documentary evidence of any agreement made between the parties when the civil action was settled in April 2002. The WCJ accepted the unrebutted testimony of Colerich as credible and persuasive and found that Employer's acceptance of the $86,666 applied only to the indemnity and medical expenses that already had been paid at the time and did not apply to future medical expenses for which Employer remained responsible. (WCJ's Findings of Fact, No. 11, R.R. at 56–57.) Accordingly, the WCJ granted Employer's modification petition and ordered the parties to execute and submit a Third Party Settlement Agreement confirming Employer's entitlement to credit for future medical expenses. Claimant appealed to the WCAB, which affirmed the WCJ's decision.

On appeal to this court,[2] Claimant contends that, in this case, Employer waived

pensation payments subject to subrogation rights against a claimant's recovery from a third party, and subject to a credit toward future compensation, where that recovery exceeds compensation paid at the time of the

recovery. *Deak v. Workmen's Compensation Appeal Board (USX Corporation)*, 653 A.2d 52 (Pa.Cmwlth.1994).

2. Our scope of review is limited to determining whether constitutional rights were violat-

its rights to any additional credit when it accepted payment of the $86,666 from the third-party settlement. Claimant relies entirely on the April 10, 2002, letter from Colerich, arguing that this letter constitutes a judicial admission that Employer is not entitled to recovery or set off of future medical expenses. We disagree.

■ A judicial admission is a formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it. Black's Law Dictionary 51 (8th ed.2004). The April 10, 2002, letter upon which Claimant bases this appeal simply states, *"This will confirm our compromise of our lien at $86,666. Please send your Draft, with our Claim number on it, to . . . ."* (R.R. at 22.) The letter also acknowledges Claimant's offer *to reimburse Zurich an additional $50,000* if Claimant is successful in a suit he brought against Employer for spoliation of evidence.

■ Claimant insists that this letter "clearly speaks" to the release of any and all subrogation interest previously held by Zurich on behalf of Employer and constitutes a bar to any further recovery.

However, the WCJ accepted the contrary testimony of Colerich as credible and persuasive with respect to the parties' understanding. It is axiomatic that the WCJ, as fact finder, has exclusive province over questions of credibility and evidentiary weight and that, unless such determinations are made arbitrarily and capriciously, they are binding on appeal. *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison),* 717 A.2d 1086 (Pa.Cmwlth.1998). Our review of the record reveals that substantial evidence supports the WCJ's findings in this matter.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of April, 2005, the order of the Workers' Compensation Appeal Board, dated September 13, 2004, is hereby affirmed.

---

ed, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence is such relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Coker v. Workers' Compensation Appeal Board (Duquesne Light Co.),* 856 A.2d 257 (Pa.Cmwlth.2004), *appeal denied,* —— Pa. ——, 867 A.2d 524 (2005).