William WARD, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2009.

Decided March 2, 2009.

Richard R. Di Stefano, Philadelphia, for petitioner.

Martin G. Malloy, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

William Ward (Claimant) contends a Workers' Compensation Judge (WCJ) erred by denying his petition to reinstate total disability benefits. Specifically, Claimant asserts the record does not support the finding he failed to prove his physical condition deteriorated to the degree he is no longer capable of performing work previously found to be within his physical restrictions. The WCJ's finding, Claimant also urges, constitutes a capricious disregard of competent evidence. Upon review, we affirm.

Claimant worked for the City of Philadelphia (Employer) as a fire fighter. On

February 7, 1992, Claimant sustained a sprain/strain of the neck and low back during the course of his employment. Claimant performed light duty work for a short period of time after his injury. In June of 1992, however, Claimant began receiving total disability benefits.

In 1999, Employer sought modification of Claimant's benefits based on his failure to apply in good faith for occupationally appropriate work (modification proceedings). Based on Employer's credible evidence, a WCJ found Employer proved Claimant is capable of work with restrictions and located several jobs Claimant could perform, but for which he failed to apply in good faith.[1] Effective June 1997, the WCJ modified Claimant's benefits to partial disability based on the highest paying job of an assembler.

Employer subsequently sought termination of Claimant's partial disability benefits on the basis he fully recovered from the work injury. Finding Claimant's family physician credible that Claimant did not fully recover from the work injury, a different WCJ denied Employer's petition. Claimant continued to receive partial disability benefits.

In April 2006, Claimant filed a petition to reinstate total disability benefits, which is the subject of this appeal. Claimant alleged his disability increased to the point he is no longer capable of working in any capacity. Employer denied the allegations of the reinstatement petition, and hearings before a third WCJ ensued. During the course of the WCJ's proceedings, Claimant exhausted his right to partial disability benefits.[2]

Before the WCJ, Claimant testified as to the nature of his work injury and his current medications and treatments. Claimant stated he experiences more frequent episodes of back pain than in the past, and that his medications cause grogginess, constipation, blurry vision and drowsiness. Claimant does not know of any type of work he is capable of performing but if he did know of such work, he would try it. Significantly, Claimant admitted he has taken strong narcotics since 1992, and has had difficulty sleeping and driving since that time. The WCJ found Claimant reasonably credible but noted he failed to address the specific issue of whether he is capable of performing the assembler position.

Dr. Donald Fox (Family Physician) testified on Claimant's behalf. Family Physician regularly examines Claimant in order to monitor his pain medications. He opined Claimant is unable to work in any capacity. Family Physician also did not address whether Claimant is able to perform the assembler position. The WCJ found Family Physician's testimony reasonably credible but irrelevant to Claimant's burden of proof. In particular, Physician opined as early as 1997 that Claimant is totally disabled from work. This is the same opinion Family Physician offered, and a WCJ rejected, during the modification proceedings. The WCJ concluded Family Physician's testimony was "not persuasive."

Claimant also presented the testimony of his orthopedic surgeon, Dr. Scott Rushton (Claimant's orthopedist). Relevant to this appeal, Claimant's orthopedist expressed concerns regarding the effects of medication on Claimant's ability to work.

---

1. *See Kachinski v. Workmen's Comp. Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

2. *See* Section 306(a.2)(7) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(7).

He did not testify Claimant's physical condition worsened to the degree he cannot perform the assembler position. The WCJ found the orthopedist's opinion neither credible nor persuasive.

Based on the above,[3] the WCJ concluded Claimant failed to meet his burden of proof on the reinstatement petition, that is, his physical condition worsened such that he is no longer capable of performing the assembler position previously determined to be within his capabilities and for which he failed to apply in good faith. Accordingly, the WCJ denied Claimant's reinstatement petition. The Board affirmed.

 On review,[4] Claimant urges the WCJ erred in concluding he failed to address the issue of whether he is capable of performing the assembler position. He further asserts the WCJ's finding represents a capricious disregard of competent evidence.

 Generally, a claimant seeking reinstatement following a modification of benefits must prove that through no fault of his own, his disability is again adversely affected by the work injury, and the dis-

ability giving rise to the original claim continues. *Pieper v. Ametek–Thermox Instruments, Div.*, 526 Pa. 25, 584 A.2d 301 (1990).

 The burden of proof, however, is different when a modification of benefits occurs due to the claimant's bad faith. *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72 (Pa.Cmwlth. 2000). Where a claimant's benefits are modified due to bad faith conduct, the claimant must establish his medical condition worsened to the point he can no longer perform the employment previously found available. *Mitchell v. Workers' Comp. Appeal Bd. (Devereux Found.)*, 796 A.2d 1015 (Pa.Cmwlth.2002); *Nabisco Brands, Inc. v. Workmen's Comp. Appeal Bd. (Almara)*, 706 A.2d 877 (Pa.Cmwlth. 1998); *Spinabelli v. Workmen's Comp. Appeal Bd. (Massey Buick, Inc.)*, 149 Pa. Cmwlth. 362, 614 A.2d 779 (1992).[5]

Here, the WCJ explained:

It is Claimant's burden to establish that his work-related condition has worsened so that he cannot perform the position that he was found capable of perform-

---

3. Employer presented the testimony of Dr. John Perry (Employer's medical expert), who conducted independent medical examinations of Claimant in connection with Employer's termination petition and Claimant's current reinstatement petition. Employer's medical expert could not find any objective evidence of Claimant's work injury. However, the expert believed permanent restrictions should be placed on Claimant due to non-work related medical conditions. These restrictions were less restrictive than those identified during the modification proceedings. Therefore, Employer's medical expert opined Claimant can still perform the assembler position. Beyond a finding of credibility, the WCJ declined to further discuss Employer's medical expert's testimony because it addressed unrelated issues.

4. Our review is limited to determining whether the record supports the necessary findings

of fact, whether errors of law were made, and whether constitutional rights were violated. *Lahr Mech. & State Workers' Ins. Fund v. Workers' Comp. Appeal Bd. (Floyd)*, 933 A.2d 1095 (Pa.Cmwlth.2007).

5. Claimant initially asserts the WCJ employed the wrong burden of proof. As support, Claimant cites *Stanek v. Workers' Comp. Appeal Bd. (Greenwich Collieries)*, 562 Pa. 411, 756 A.2d 661 (2000), where the Supreme Court determined that a claimant seeking reinstatement of total disability benefits, after expiration of the 500–week period of eligibility for partial disability benefits, must show there are no jobs available consistent with his physical restrictions. *Stanek*, however, did not involve a reduction of benefits due to a claimant's failure to apply for a job in good faith.

ing, but refused to perform in bad faith.... *Although Claimant's testimony is found competent and reasonably credible, he did not address the specific issue.* He said that he has been on a similar pain medication regimen since 1992. He has been in pain since 1992, and his pain level has increased over the last 15 years, to his present age of 66/67. However, that is not enough to meet the required burden of proof.

WCJ Op., 8/17/07, at Finding of Fact No. 23 (emphasis added).

Claimant asserts error in the WCJ's finding, maintaining his testimony that he is unable to perform any work necessarily includes the assembler position previously found available to him. Because the WCJ found Claimant reasonably credible, the WCJ erred in concluding Claimant failed to meet his burden of proof. We disagree.

In the prior modification proceedings, another WCJ accepted testimony from Employer's medical witness[6] that Claimant could sit for an hour, stand and walk for two hours, and over an eight-hour time period could sit, stand, and walk for three hours a piece and could lift ten pounds frequently. Cl.'s Ex. 2. Based on these work restrictions, the WCJ concluded the assembler position was one of several jobs available to Claimant. *Id.*

Claimant's testimony in the present proceedings, however, fails to describe how his current condition affects his ability to perform the assembler duties. Although Claimant stated the frequency of pain episodes has increased over the years, Claim-

ant did not offer evidence proving the work restrictions established in the modification proceedings were no longer valid. In other words, Claimant failed to testify that he cannot sit, stand, walk and lift in accord with the work restrictions previously imposed.

Further, Claimant's reliance on the testimony of Family Physician and orthopedist is unavailing for two reasons. First, Family Physician testified Claimant is totally disabled and is unable to work. This is the same opinion he rendered previously. Family Physician's opinion, however, is contrary to the previously established fact Claimant is able to work with restrictions, and in particular, to perform the assembler job. For this reason, the WCJ found Family Physician's testimony not persuasive and questioned its competency. Thus, Family Physician's testimony did not satisfy Claimant's burden of proof. *See Sylvania v. Workers' Comp. Appeal Bd. (Wilson)*, 893 A.2d 186 (Pa.Cmwlth.2006) (burdened party has the burdens of both production and persuasion).[7]

■ In addition, the WCJ found Claimant's orthopedist not credible on the basis he was unable to render an opinion concerning a change in Claimant's condition because he did not review Claimant's 2003 MRIs. WCJ Op., 8/17/07, at Finding of Fact No. 25. Claimant challenges this finding, noting the orthopedist reviewed MRIs performed in 2004 and 2006 and opined differences in these MRIs show a change in Claimant's condition. Careful

---

6. A different medical expert testified for Employer during the modification proceedings.

7. Moreover, Family Physician's opinion is internally inconsistent because he agreed Claimant is capable of sitting, walking, and using his hands. Dep. of Donald Fox, M.D., 8/3/06, at 26–27. He did not contradict Claimant's ability to perform each of these

tasks as determined in the modification proceedings. Family Physician also stated the need to change the narcotics used to control Claimant's pain may be caused by either increased pain symptoms or Claimant's increasing tolerance to medication. *Id.* at 32. Neither explanation establishes a change in the work-related condition.

review of the relevant testimony shows the orthopedist's diagnoses remained the same after reviewing the MRIs. Also, the MRIs confirmed advanced degenerative changes to Claimant's cervical spine and fairly extensive lumbar degenerative disorder. Dep. of Scott Rushton, M.D., 2/2/07, at 19. The orthopedist did not state there was a worsening of the work injury. The WCJ, as fact finder, has exclusive province over questions of credibility and evidentiary weight and that, unless such determinations are made arbitrarily and capriciously, they are binding on appeal. *Reeder v. Workers' Comp. Appeal Bd. (Mercer Lime & Stone Co.),* 871 A.2d 337 (Pa.Cmwlth. 2005). Our review of the record reveals that substantial evidence supports the WCJ's findings.[8]

■■■ As a final matter, Claimant contends that because the WCJ found his and Family Physician's testimony reasonably credible, it must logically flow that his disability increased to the point he is no longer capable of performing the assembler position. The WCJ's contrary conclusions, therefore, result from a capricious disregard of competent evidence.

In *Arena v. Packaging Systems Corp.,* 510 Pa. 34, 38, 507 A.2d 18, 20 (1986), our Supreme Court described capricious disregard as a "deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." This limited aspect of review serves only to ensure that an administrative adjudication is conducted within lawful boundaries; it is not to be applied in such a manner to intrude on the agency fact-finding role and discretionary decision-making authority. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002).

Here, Claimant bore the burden of showing he can no longer perform a job previously found to be within his capabilities. As detailed above, Claimant's evidence lacks credible and persuasive proof of a worsening of his work-related injury that affects his ability to perform the assembler position. We therefore reject Claimant's contention the WCJ capriciously disregarded competent evidence.

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of March, 2009, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

---

**8.** The WCJ also found Claimant's orthopedist unpersuasive because his reservations regarding Claimant's ability to perform the assembler position were based solely on the side effects of medication. Dep. of Scott Rushton, M.D., 2/2/07, at 25. The fact finder has exclusive authority over evidentiary weight. *Watson v. Workers' Comp. Appeal Bd. (Special People in Northeast),* 949 A.2d 949 (Pa. Cmwlth.2008). Here, Claimant currently takes narcotics with similar side effects as medication taken prior to the modification proceedings. Because a different WCJ reduced Claimant's disability benefits to partial despite Claimant's use of narcotics, the current WCJ could reasonably infer a similar regimen with the same side effects likewise does not compromise Claimant's ability to perform the assembler position. More importantly, a change in pain medication does not prove a change in Claimant's condition rendering him unable to work as an assembler.