IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Doylestown Hospital,                    :
                    Petitioner          :
                                        :
        v.                              : No. 2524 C.D. 2015
                                        :
Workers' Compensation Appeal            :
Board (Kulak),                          :
                    Respondent          :

Nancy Kulak,                            :
                    Petitioner          :
                                        :
        v.                              : No. 2 C.D. 2016
                                        : Submitted:  July 15, 2016
Workers' Compensation Appeal            :
Board (Doylestown Hospital),            :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                      FILED: August 9, 2016


        Nancy Kulak (Claimant) and Doylestown Hospital (Employer) both
petition for review of an order by the Workers' Compensation Appeal Board
(Board) affirming the Workers' Compensation Judge's (WCJ) order denying
Claimant's claim petition for benefits for injuries sustained to her right shoulder

under the Pennsylvania Workers' Compensation Act (Act)[1] granting temporary total disability benefits for work-related injuries sustained to her left shoulder and terminating her benefits on July 29, 2013. For the following reasons, we affirm in part and vacate and remand in part.

Claimant was employed by Employer as a registrar in its emergency department. In November 2012, Claimant purportedly sustained injuries in the nature of bilateral shoulder pain, aggravation of degenerative disease in both of her shoulders, rotator cuff tears and bilateral tenosynovitis and tendinopathy. Claimant then filed a claim petition to which the Employer answered, denying that her injuries were work-related.

Before the WCJ, Claimant testified that she was employed by Employer as a registrar in the emergency department of the hospital. Claimant stated that her position required her to push a computer on wheels (COW) that is heavy, awkward and difficult to maneuver. Claimant stated that after months of pushing the COW, she began to feel discomfort in her left shoulder and that she reported this discomfort to her supervisor. On December 19, 2012, when the pain became worse in her left shoulder, she had to stop working.[2] However, Claimant stated that she returned to work in January 2014 on modified-duty that was half the length of her regular shifts and did not involve pushing the COW, but was laid off

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] Claimant testified that Employer's Occupational Health Department recorded the date of her injury as December 27, 2013.

2

on February 6, 2013, because she was unable to push the COW for any extended period of time.

Claimant testified that she never had a shoulder problem prior to November 2012 when her left shoulder began hurting, and that it is "still bothering me, but not as bad." (Reproduced Record (R.R.) at 27a.) While she initially only had complaints regarding her left shoulder, Claimant stated that she began favoring her right arm causing pain in her right shoulder in May 2013. Claimant stated that her right shoulder is very restricted in use and that pushing with the arm causes her shooting pains. Claimant also stated that she had MRIs taken at Doylestown Hospital, her Employer, for both of her shoulders. Claimant stated that she will eventually need to undergo surgery for her shoulders.

To establish that her disability was work-related, Claimant offered the deposition testimony of Dr. Lynn Yang (Dr. Yang), a board certified physiatrist. She testified that she examined Claimant on March 12, 2014, and September 3, 2014. Dr. Yang stated that after she took Claimant's history, she examined Claimant and reviewed her medical records, including MRIs of both shoulders taken at Doylestown Hospital on December 29, 2012 and January 13, 2014. Dr. Yang stated that the MRI of Claimant's right shoulder showed significant degeneration along with degenerative tears and impingements as well as tendinopathy, and her left shoulder showed tendinopathy and degeneration. She testified that she did not recall either MRI report mentioning anything about the bones of Claimant's shoulder not being fully formed, i.e., a diagnosis of glenoid dysplasia, but that she "would expect a radiologist to comment on it" if the

shoulder bones were not fully formed. (R.R. at 102a.) Dr. Yang opined that Claimant's left shoulder symptoms specifically resulted from using the COW, and that her right shoulder condition resulted from overuse because she favored her left arm. Dr. Yang agreed that Claimant's left shoulder injury was fully recovered as of May or June 2013.

The Employer offered the testimony of Neil Rosner (Rosner), the associate relationship and development coordinator at Doylestown Hospital, who testified that the Occupational Health Department reports to him and that this department is responsible for Employer's Workers' Compensation program and overseeing all occupational injuries at Employer's facility. Rosner stated that he was familiar with the COW and that it did not require overhead use of the arms. Rosner stated that he spoke with Claimant on several occasions and that during a conversation they had on January 18, 2013, Claimant did not mention problems with her right shoulder and admitted that she did not know whether she incurred her injury at work. Rosner confirmed that Claimant was released from Employer's payroll because she could not return to work without restrictions.

The Employer also offered the deposition testimony of Dr. David Glaser (Dr. Glaser), a board certified orthopedic surgeon specializing in conditions of the elbow and shoulder. Dr. Glaser stated that he took Claimant's medical history, reviewed her MRIs and personally examined her. Dr. Glaser stated that based on his own review of the MRIs, he diagnosed both shoulders as having a congenital problem called glenoid dysplasia and that the right shoulder was much worse than the left. Dr. Glaser stated that glenoid dysplasia is a developmental

4

disorder, probably genetically based. Dr. Glaser stated that glenoid dysplasia manifests itself in persons 40 to 50 years old and that it is associated with arthritis. He went on to state that although glenoid dysplasia can sometimes be aggravated by work activity, he was of the opinion that Claimant's injuries were not caused or aggravated by her employment with Employer because various medical records and statements by Claimant did not relate her shoulder problems to the use of the COW.

Dr. Glaser testified that Claimant's right shoulder problems did not result from her employment with Employer because her symptoms developed months after she stopped working for Employer. Dr. Glaser stated that he disagreed with Dr. Yang's prognosis that Claimant's right shoulder problems resulted from overuse because Claimant was right-hand dominant and would have been using her right arm more in the ordinary course of life. He also stated that Dr. Yang did not mention left shoulder symptoms specifically, indicating Claimant's shoulder condition "had resolved." (R.R. at 183a.) Dr. Glaser stated that Claimant's left shoulder was completely recovered at the time of his examination and stated that surgery to replace Claimant's right shoulder would be a mistake.

Finding Claimant's testimony that her left shoulder never recovered and that her right shoulder problems were caused by overuse unpersuasive given the credible testimony of Employer's expert, and that Claimant's right shoulder symptoms did not commence until months after she stopped working for the Employer and finding Dr. Glaser more credible than Dr. Yang, the WCJ granted Claimant's claim petition for the left shoulder only. He awarded Claimant

5

temporary disability benefits for the periods she was out of work until July 29, 2014. Both parties appealed to the Board, which affirmed the WCJ's order. Employer and Claimant each filed petitions for review.[3]

## I.

In her appeal, Claimant does not challenge the Board's finding that she has fully recovered from her left shoulder injury. Nor does she contend that there is no substantial evidence to support the Board's decision affirming the WCJ's denial of benefits for her right shoulder injury. Instead, she contends an error of law was made because Employer was bound by two MRI reports rendered by its radiologists that omit findings of the presence of glenoid dysplasia because those reports constitute judicial admissions that glenoid dysplasia was not the cause of her injury. A judicial admission is:

> an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission, and may be contained in pleadings, stipulations and other like documents. An important facet of such an admission is that it has been made for the advantage of the admitting party and once the admission has been made, the party making it is not allowed to introduce evidence attempting to disprove it.

---

[3] Our review of a decision of the Board is limited to determining whether errors of law were made, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth.), *appeal denied*, 982 A.2d 1229 (Pa. 2009).

6

*Sherrill v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 624 A.2d 240, 243 (Pa. Cmwlth. 1993) (internal citations omitted).

We agree with the Board that an omission from an MRI report by a radiologist employed by Employer is not an "express waiver . . . conceding for the purpose of trial, the truth of the admission." *Id.* In any event, even if the radiologists had expressly stated that Claimant did not suffer from glenoid dysplasia, they were not agents of Employer in making that finding and, therefore, it would not have been binding on Employer. As the Board reasoned:

> The [WCJ] chose to accept the opinions of Dr. Glaser regarding his interpretation of the MRIs. That was his prerogative. Furthermore, there is no requirement in the Act or case law that a physician accept the opinions of a radiologist over his own interpretations of diagnostic films. Even though Claimant's MRIs were performed at [Employer's] hospital, the [Judge] was not required to accept the interpretation of the MRI films by the radiologists rather than the interpretation of those same films by [Employer's] medical expert, Dr. Glaser.

(R.R. at 278a.) (footnote omitted).

## II.

In its appeal, Employer contends that the Board erred as a matter of law in setting Claimant's termination date to July 29, 2014, because it prematurely shifted the burden of proof onto Employer to establish the duration of Claimant's disability for her left shoulder. As we have explained, "the burden of proof in a claim petition rests on the claimant to demonstrate not only that he has sustained a

7

compensable injury but also that the injury continues to cause disability throughout the pendency of the claim petition." *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). Because this matter involves an original claim petition, the burden was on Claimant to establish all elements of her claim, including the duration of the injury.

Because Claimant's expert admitted that her left shoulder had cleared up by May or June 2013 and because the WCJ found Claimant's testimony regarding the non-recovery of her left shoulder unpersuasive, Claimant clearly did not meet this burden. While Claimant's expert was not precise as to the exact date that Claimant's injury was fully recovered, Employer asks this Court to set the date of full recovery to the last possible date within the expert's timeframe.

Accordingly, the Board's order is affirmed to the extent that it determined that the MRI reports were not judicial admissions by Employer and denied Claimant's benefits for her right shoulder injuries, but is vacated and remanded to the Board with instructions to remand to the WCJ to set the termination date of Claimant's benefits for her left shoulder injuries to June 30, 2013.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Doylestown Hospital,       :
          Petitioner     :
                              :
       v.                 : No. 2524 C.D. 2015
                              :
Workers' Compensation Appeal     :
Board (Kulak),                 :
          Respondent    :

Nancy Kulak,              :
          Petitioner     :
                              :
       v.                 : No. 2 C.D. 2016
                              :
Workers' Compensation Appeal     :
Board (Doylestown Hospital),      :
          Respondent    :

**O R D E R**

AND NOW, this 9th day of August, 2016, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated November 17, 2015, at No. A15-0118, is affirmed in part, and vacated in part and this matter is remanded to the Workers' Compensation Appeal Board with instruction to remand to the Workers' Compensation Judge for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge