# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abduljabbar Abdul Malik,     :
      Petitioner   :
             :
   v.         :  No. 831 C.D. 2017
             :  SUBMITTED: December 22, 2017
Workers' Compensation Appeal  :
Board (Patterson-UTI Drilling   :
Company),         :
      Respondent  :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**      **FILED: February 22, 2018**


    Abduljabbar Abdul Malik (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his claim petition. We affirm.

    As a floor hand worker for Patterson-UTI Drilling Company (Employer), Claimant helped with connections, cleaned rigs, assured the safety and tidiness of the premises, lifted weights of up to 300 pounds with the help of others, and did other sundry tasks. (WCJ's April 27, 2016, Decision, Finding of Fact (F.F.) No. 4.) Pursuant to an April 2014 notice of temporary compensation payable, which described an alleged February 14, 2014, injury as a lower back strain when a "rig floor containment system was covered with snow[,]"[1] Claimant received workers'

---

[1] (Record, Item No. 16, NTCP at 1.)

compensation indemnity benefits at the rate of $883.85 per week based on a pre-injury average weekly wage of $1,325.77.  (F.F. No. 2.)  In May 2014, Employer filed (1) a notice stopping temporary compensation as of May 9, 2014, therein stating that it would not accept liability; and (2) a notice of compensation denial, therein alleging that Claimant did not suffer a work-related injury.  (*Id*.)  In June 2014, Claimant filed a claim petition alleging that he sustained an unspecified work injury on February 14, 2014, asserting full disability from February 14 to June 23, 2014, and seeking payment for a loss of wages and medical bills.  (Record, Item No. 2, Claim Petition at 1.)[2]  In its answer, Employer denied the averments.

In support of his claim petition, Claimant testified and presented the deposition testimony of Michael Wilcenski, M.D., board-certified in pain management.  Employer presented the deposition testimony of board-certified orthopedic surgeon Neil Kahanovitz, M.D.  The WCJ rejected the testimony of Claimant as contradictory and found Dr. Kahanovitz to be more credible and persuasive than Dr. Wilcenski.  Accordingly, she denied the claim petition.

On appeal to the Board, Claimant argued that the WCJ erred in determining that he failed to establish a work injury due to a fall and in rejecting his testimony and that of his medical expert for "misplaced or irrelevant reasons."  In affirming the WCJ's decision, the Board concluded that the WCJ made credibility determinations and fully explained her reasoning and that there was substantial, competent evidence to support her determination that Claimant failed to meet his burden of proof.  Claimant's petition for review to this Court followed.

---

[2] The document that Claimant labelled as the claim petition in the reproduced record is blank. The claim petition in the record is complete, with indicia of processing.

2

Before this Court, Claimant raises one issue for review: "Whether the [Board] erred in affirming the Decision/Order of the [WCJ] which denied the Claim Petition filed by Claimant against [Employer]."[3] Claimant's Brief at 4. By way of argument, Claimant, once again, contends that the WCJ improperly disregarded his testimony and that of his treating physician. In addition, he asserts that, by virtue of his undisputed testimony, he established that he fell and sustained a work injury. Claimant's position is without merit.

A claimant bears the burden of establishing his right to compensation and all of the elements necessary to support an award of benefits, including proof that he sustained a compensable injury in the course and scope of employment and that he is disabled as a result of that injury. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010). In addition, where there is no obvious causal connection between an alleged injury and a work-related cause, unequivocal medical testimony is necessary to establish that connection. *Cromie v. Workmen's Comp. Appeal Bd. (Anchor Hocking)*, 600 A.2d 677, 679 (Pa. Cmwlth. 1991).

Here, the WCJ concluded that Claimant failed to meet his burden of proving a work injury, finding that "no records from any hospital, inclusive of Mountainside Hospital, and no witnesses substantiated the occurrence of [his]

---

[3] This bare-boned issue suggests a tension between two appellate rules. Pa. R.A.P. 1551 provides that, but for three instances that are not herein at issue, "[n]o question shall be heard or considered by the court which was not raised before the government unit[.]" Pa. R.A.P. 2116(a), in pertinent part, provides: "The statement [of questions involved] will be deemed to include every subsidiary question fairly comprised herein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Notwithstanding any inadequacy of the asserted issue, we will proceed with our appellate review where Claimant raised and preserved the arguments that he pursued in his brief to this Court.

alleged fall on February 14, 2014 and any alleged injury as a result thereof." (F.F. No. 8.) She also found that "Claimant's testimony established that [he] didn't receive treatment between February 14, 2014 and April 2, 2014[.]" (*Id.*, No. 9.) In addition, she found Claimant's testimony to be contradictory because, despite having a history of lower back surgery when he was fifteen years old[4] and having treated with Dr. Alfred Davis in 2012 for his low back condition, Claimant told Dr. Wilcenski that he was asymptomatic before his February 2014 fall and had not undergone any treatment since age fifteen.

Moreover, consistent with rejecting Claimant's testimony, the WCJ also rejected the opinion of Dr. Wilcenski. In so doing, the WCJ weighed the fact that Dr. Wilcenski conducted a less comprehensive evaluation than Dr. Kahanovitz, whom she concluded had greater expertise as a board-certified orthopedic surgeon. (*Id.*, No. 3.) Further, she found that, except for an April 2014 MRI report, Dr. Wilcenski failed to obtain any records regarding Claimant's treatment and Claimant never told him about 2012 treatment for low back pain. (*Id.*, Nos. 11, 18, and 19.) She also observed that Dr. Kahanovitz reviewed the actual films from the April 2014 MRI, as opposed to simply reading the report. In addition, she noted that Dr. Wilcenski failed to perform a sitting root test or a Waddell's test. (*Id.*, No. 16.)

In accepting and affording more weight to Dr. Kahanovitz's testimony, the WCJ observed that the medical findings reflected that Claimant's issues were degenerative and long-standing in nature and that any changes were clearly pre-existing and present long before any work incidents two months prior. In addition, Dr. Kahanovitz opined that the MRI findings were mainly right-sided and that

---

[4] The WCJ noted Claimant's testimony that he "had an injury to his back at age 15, has scoliosis and a slipped disk, and had corrective surgery on an unspecified date" and that he "hurt his upper back and neck in a car accident in 2001 or 2002." (F.F. No. 10.)

4

Claimant's symptoms were mainly left-sided and inconsistent with the anatomic distribution that one would expect from nerve root compression isolated to the right S1 level. In other words, the doctor found no objective abnormality that supported Claimant's subjective complaints. (*Id.*, No. 28.) In sum, Dr. Kahanovitz testified that Claimant's clinical presentation was inconsistent with his complaints and that he had incorrectly denied any previous injuries to his back. Accordingly, Dr. Kahanovitz concluded that Claimant may have sustained an aggravation or a lumbar strain but had recovered to the point where he could return to work with light-duty restrictions commensurate with his long-standing degenerative changes but wholly unrelated to any alleged work injury. (*Id.*, No. 29.)

By way of analysis, we observe that, notwithstanding Claimant's position that the WCJ's findings lack substantial evidence, his arguments reflect that he is urging this Court to reweigh the testimony and disturb the WCJ's credibility determinations. Contrary to Claimant's arguments, however, those factors are not for this Court to weigh. It is well established that a WCJ as the ultimate fact finder is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Milner*, 995 A.2d at 496. Determinations of credibility and evidentiary weight are within the WCJ's exclusive province. *Ward v. Workers' Comp. Appeal Bd. (City of Phila.)*, 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009).

Moreover, it is well established that, "the fact that one party to a proceeding may view testimony differently is not grounds for reversal if substantial evidence supports the lower tribunal's findings." *Second Breath v. Workers' Comp. Appeal Bd. (Gurski)*, 799 A.2d 892, 899 (Pa. Cmwlth. 2002). Although the present case is one in which the grounds for Claimant's appeal primarily consist of requests to reweigh the evidence and disturb credibility determinations, we nonetheless find

5

substantial evidence to support the WJC's fact-findings.[5]  Viewing the evidence in a light most favorable to Employer as the party who prevailed before the WCJ,[6] particularly the testimony of Dr. Kahanovitz, we find ample support for the WCJ's findings.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754 (Pa. Cmwlth. 2002).

[6] *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abduljabbar Abdul Malik,              :
                    Petitioner       :
                                     :
            v.                        :   No.  831 C.D. 2017
                                     :
Workers' Compensation Appeal          :
Board (Patterson-UTI Drilling         :
Company),                             :
                    Respondent        :

# **O R D E R**

AND NOW, this 22nd day of February, 2018, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge