IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Janet Thomas,                           :
                          Petitioner    :
                                        :
            v.                          :   No. 296 C.D. 2022
                                        :   Submitted: December 9, 2022
American Airlines, Inc. (Workers'       :
Compensation Appeal Board),             :
                          Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: April 19, 2023


        Janet Thomas (Claimant) petitions this Court to review an adjudication
of the Workers' Compensation Appeal Board (Board), affirming the decision of the
Workers' Compensation Judge (WCJ).  The WCJ denied Claimant's reinstatement
petition and granted a petition filed by American Airlines, Inc. (Employer) to
suspend Claimant's disability benefits under the Workers' Compensation Act.[1]  The
WCJ determined that evidence of Claimant's ongoing injury was insufficient to
establish her continued disability.  After careful review, we affirm.

## I. BACKGROUND[2]

        In June 2019, during the course and scope of her employment, Claimant
sustained a lumbar sprain injury and was awarded disability benefits.  She remained

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Unless stated otherwise, we adopt the procedural and factual background for this case
from the WCJ's Decision, which is supported by substantial evidence of record.  *See* WCJ
Decision, 7/21/2021.

unable to work until December 2019. Upon her return to work, Employer issued a suspension notification, which Claimant did not challenge. In January 2020, Employer filed suspension and termination petitions, alleging Claimant's full recovery.

On February 6, 2020, Claimant again stopped working following a mandatory work training event, which aggravated her injury symptoms. Thereafter, Claimant filed a reinstatement petition and a penalty petition, alleging that Employer had illegally suspended her benefits. The parties filed respective answers denying the material allegations of the other party's petitions.

The parties' respective petitions were consolidated for review. Claimant testified via deposition and during the WCJ's virtual hearing. She explained that she worked for Employer as a flight attendant for 21 years. Claimant stated that although a doctor released her to full-duty work in November 2019, she did not feel recovered enough to resume her pre-injury job. According to Claimant, when she returned to her pre-injury role in December 2019, she self-restricted her responsibilities by receiving help from her coworkers but nevertheless experienced increased pain from working. Claimant testified that due to her pain, she self-reduced her January 2020 work hours from 85 to 40.

According to Claimant, following a mandatory training session on February 5, 2020, her pain worsened, and she began limping. On the following day, she treated with her family physician, William Duffy, M.D. Despite allegedly receiving a medical note from Dr. Duffy releasing her from work, Claimant did not provide it to Employer. Claimant remained out of work until October 2020, when she began to feel better after rest and treatment.

Claimant also presented the medical report of Steven Rosen, M.D. Dr. Rosen opined that Claimant's work-related injury recurred as of February 5, 2020. He reported that Claimant's return to work had aggravated her symptoms and required medical treatment including prescription medications and injections. Dr. Rosen further opined that Claimant's condition had improved with treatment; however, he believed that she was not fully recovered from her work-related injury.

In response, Employer presented the deposition testimony of its medical expert, Thomas DiBenedetto, M.D., a board-certified orthopedic surgeon. On January 16, 2020, Dr. DiBenedetto examined Claimant. According to Dr. DiBenedetto, his examination yielded normal results, and he therefore concluded that Claimant had fully recovered from her work-related injury. Employer also introduced 2020 payroll records, which revealed Claimant received regular compensation from Employer despite not working from February to September 2020.[3]

Upon reviewing the evidence, the WCJ credited Claimant's testimony and Dr. Rosen's report concerning Claimant's reoccurrence of injury symptoms. However, the WCJ rejected Dr. Rosen's opinion that Claimant sustained a continued disability, *i.e.*, a loss of earning power. The WCJ also rejected Dr. DiBenedetto's testimony that Claimant had fully recovered, particularly as he had not reviewed any of Claimant's medical records beyond February 2020. The WCJ concluded that Claimant's proof of continued injury without credible evidence of continued disability was insufficient to meet her burden of proof on a reinstatement petition.

---

[3] The evidence revealed that Claimant received the following payment amounts while she was not working in 2020: $4,190.06 in February; $6,121.24 in March; $3,575.22 in April; $5,261.10 in May; $5,237.10 in June; $5,554.57 in July; $2,558.41 in August; and $550.85 in September. *See* WCJ Dec., Finding of Fact (F.F.) at 4, Payroll Table.

The WCJ granted Employer's petition to suspend disability benefits from February 6, 2020, to October 3, 2020, denied all remaining petitions, and ordered Employer to reimburse Claimant's attorney for reasonable and necessary litigation costs. Claimant appealed to the Board, which affirmed the WCJ's adjudication, then timely petitioned this Court for review.[4]

## II. ISSUES

Our review on appeal focuses on whether Claimant is entitled to reinstatement of disability benefits from February 6, 2020, to October 3, 2020. Specifically, we consider whether Claimant's credible evidence of ongoing injury symptoms was sufficient to establish continued disability. Claimant's Br. at 6. According to Claimant, no additional medical evidence was required. *Id.* at 7. She argues that once her testimony was accepted, the burden shifted to Employer to demonstrate that any loss of earning capacity was not caused by the original work injury and that Employer failed to do so. *Id.*

In response, Employer acknowledges a shifting burden of proof. *See* Employer's Br. at 13-14. Nevertheless, according to Employer, Claimant failed to establish that her earning power was adversely affected. *See id.* at 10, 19-20.

## III. DISCUSSION

A claimant seeking reinstatement of suspended benefits must prove that her disability has continued from her original claim and again adversely impacted her earning power.[5] *Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2

---

[4] In workers' compensation matters, our review is limited to determining whether the WCJ's factual findings were supported by substantial evidence, whether an error of law was committed, and whether constitutional rights were violated. *Lynch v. Cmwlth. (Workers' Comp. Appeal Bd.)*, 275 A.3d 1130, 1135 n.7 (Pa. Cmwlth. 2022).

[5] In the context of workers' compensation, "disability" is a term of art, generally "synonymous with loss of earning power resulting from a work-related injury." *Whitfield v.*

A.3d 548, 558 (Pa. Cmwlth. 2010). The claimant must demonstrate that her worsening injury has affected her work performance, rendering her unable to perform a job previously found to be within her capabilities. *Ward v. Workers' Comp. Appeal Bd. (City of Phila.)*, 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009). Although it is unnecessary for a claimant to re-establish the medical cause of her disability, she must nevertheless prove that the same injury has adversely impacted her earning capacity. *See Tyson Shared Servs., Inc. v. Workers' Comp. Appeal Bd. (Perez)*, 225 A.3d 1212, 1218 (Pa. Cmwlth. 2020).

Here, Claimant failed to establish any loss of earning power from February to September 2020. The WCJ rejected the opinion offered by Claimant's medical expert that Claimant was disabled during this period for several reasons. For example, the WCJ noted that Dr. Rosen's March 2020 report failed to address Claimant's ability to work even though she had been absent from work for over a month. WCJ Dec., F.F. at 9c. Further, in September 2020, Dr. Rosen encouraged Claimant to return to work, but in an October 2020 report, Dr. Rosen opined that Claimant remained disabled even though she had returned to work several weeks earlier. *Id.* Finally, Claimant was evaluated by three other doctors during this period, none of whom opined on her disability status. *Id.*

Although she claims Dr. Duffy provided her with a medical note releasing her from work in February 2020, Claimant did not offer this as evidence to demonstrate a loss of earning power. *Id*. at 5j, 9e. On the other hand, the WCJ credited the payroll evidence introduced by Employer, which demonstrated that Claimant did not suffer wage loss but rather received regular earnings during this period. *Id*. at 9d.

---

*Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 612 (Pa. Cmwlth. 2018).

For these reasons, the WCJ found Claimant's assertion of disability neither credible nor persuasive.[6]

## IV. CONCLUSION

Although Claimant demonstrated that she was not fully recovered from her original injury, she failed to establish continued disability, *i.e.*, a loss of earning power. *See Tyson*, 225 A.3d at 1218. Accordingly, we affirm.

_____
LORI A. DUMAS, Judge

---

[6] "The WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Janet Thomas,                                :
                          Petitioner          :
                                             :
            v.                               :    No. 296 C.D. 2022
                                             :
American Airlines, Inc. (Workers'            :
Compensation Appeal Board),                  :
                          Respondent         :

# **O R D E R**

AND NOW, this 19th day of April, 2023, the order of the Workers' Compensation Appeal Board, entered March 3, 2022, in the above-captioned matter is AFFIRMED.

_____
LORI A. DUMAS, Judge