**PEC CONTRACTING ENGINEERS,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (HUTCHISON),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Sept. 4, 1998.

Daniel J. Iler, Washington, for petitioner.

Alan Benyak, Charleroi, for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

PEC Contracting Engineers (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) denying Employer's termination petition. We affirm.

Donald Hutchison (Claimant) sustained a work-related injury to his right forearm and hand on October 12, 1989, and has been receiving benefits pursuant to a notice of compensation payable. On July 1, 1996, Employer filed a termination petition alleging that Claimant had fully recovered from his work injury as of April 29, 1996. Claimant filed a timely answer denying these allegations and the case was assigned to a WCJ.

In support of its petition, Employer presented the deposition testimony of William M. Swartz, M.D., who is board certified in

plastic surgery and hand surgery. Dr. Swartz first saw Claimant on February 21, 1995. Dr. Swartz testified that Claimant informed him of the circumstances of his work injury and his initial treatment with a Dr. Bailey, who had performed an urgent carpal tunnel release. Dr. Swartz stated that Claimant subsequently underwent a discectomy and fusion to correct a ruptured cervical disc at C5–C6 and also was treated by a Dr. Salari, who performed a number of nerve blocks. Dr. Swartz testified that he also reviewed office notes of Dr. Salari and Andrew D. Kranik, M.D. Dr. Swartz concluded that Claimant's condition was stable and that Claimant had reached maximum medical improvement. Dr. Swartz subsequently approved several light duty positions as being within Claimant's physical limitations.

Dr. Swartz examined Claimant again on April 23, 1996, at which time Claimant reported continued pain and lack of sensation in his hand. Dr. Swartz testified that his physical examination of Claimant showed normal range of motion in the wrist, and negative Phalen's test and negative Tinel's sign, which are specific tests for carpal tunnel compression. Dr. Swartz stated that, on examining the strength of Claimant's thumb, there was "ratchet giveaway," which Dr. Swartz opined was a sign of symptom magnification. He testified that Claimant's grip strength and pinch strength were diminished compared to his previous examination, and he believed that this was due to lack of effort rather than physiologic mechanism. Dr. Swartz's examination revealed no findings consistent with carpal tunnel syndrome.

Dr. Swartz unequivocally opined that Claimant had fully recovered from his work injury and could return to his pre-injury job. He testified that he had reviewed a September 26, 1996 report by Dr. Kranik and disagreed with Dr. Kranik's diagnosis of ulnar nerve neuritis. Dr. Swartz stated that the ulnar nerve was not involved in Claimant's symptology or physical findings and that there was no mention of the ulnar nerve in any of Claimant's prior medical treatment.

On cross-examination, Dr. Swartz testified that he spent approximately twenty minutes with Claimant during each examination. He stated that he frequently examines patients at the request of insurers and attorneys and, when he is deposed, ninety per cent of his testimony is on behalf of an employer.

Dr. Kranik, who is board certified in orthopedic surgery, testified on behalf of Claimant. He stated that Dr. Bailey had performed surgery on Claimant's right wrist, which involved a release of the right median nerve at the carpal canal and a release of the right ulnar nerve in the ulnar canal near the palm of the hand. Claimant continued to experience pain and a lack of sensitivity in his right hand, and Dr. Bailey eventually referred Claimant to Dr. Kranik.

Dr. Kranik first saw Claimant on May 17, 1990, at which time Claimant complained of constant pain in his right hand referring up to his elbow, a loss of sensitivity in the hand, and intermittent tingling in the palm. Dr. Kranik stated that his initial diagnosis was right hand neuritis. Dr. Kranik advised Claimant to continue with physical therapy and ordered an MRI scan. He stated that the MRI scan clearly reflected problems with the ulnar nerve.

Dr. Kranik testified that he has seen Claimant approximately twenty-six times over a period of seven years, most recently on January 10, 1997. Dr. Kranik's current diagnosis, rendered with a reasonable degree of medical certainty, is right hand neuritis, which includes median nerve neuritis, partly improved, and right ulnar neuritis, not improved. He opined that Claimant has cervical radiculopathy at C5–C6 and C6–C7, and has neuritis of the superficial branch of the median nerve, which goes to the palm, but not under the carpal tunnel. Dr. Kranik described Claimant's prognosis as guarded, and he believes there is little chance that Claimant will return to normal. Dr. Kranik testified that Claimant is capable of performing light duty sedentary work, but is not capable of returning to his pre-injury job.

Dr. Kranik testified that he disagreed with Dr. Swartz's description of Dr. Bailey's surgery as being an "urgent carpal tunnel release" because it included an ulnar tunnel release. He also noted Dr. Swartz's erroneous statement that no physician had previ-

ously addressed the ulnar nerve. Finally, Dr. Kranik disagreed with Dr. Swartz's opinion that Claimant has symptom magnification.

The WCJ set forth his credibility determinations in Finding of Fact No. 7, which states as follows:

> This Workers' Compensation Judge ascribes more credibility to the testimony and evidence submitted by Dr. Kranik than I do to that submitted by Dr. Swartz. Dr. Kranik has been an examining and treating physician for a period in excess of six years and has seen the claimant under a number of different types of situations through both remissions and exacerbations. This has given Dr. Kranik a broad factual base upon which to ground his conclusions and has put him in an excellent position to render his opinions with a reasonable degree of medical certainty.
>
> On the other hand, Dr. Swartz only examined the claimant twice for a period totaling 40 minutes. At pages 22 and 23 of his deposition, Dr. Swartz stated that most of the time when he testifies it is on behalf of an employer and in fact more than 90 percent of the time his testimony is given on behalf of the employer. His 40 minutes of examination time gives a miniscule factual basis upon which to ground his conclusions of complete recovery.

(WCJ's decision, pp. 5–6.) The WCJ concluded that Employer failed to meet its burden of proving that Claimant had completely recovered from his work injury and dismissed Employer's termination petition.

Employer appealed to the Board, arguing that the WCJ did not state an adequate reason for rejecting Dr. Swartz's testimony. The Board affirmed the WCJ's decision, with two members dissenting.

On appeal to this Court, Employer again argues that the WCJ failed to adequately explain the reasons he rejected Dr. Swartz's testimony, as required by Section 422(a) of the Workers' Compensation Act (Act).[1]

As amended in 1996, Section 422(a) of the Act requires the WCJ to issue a reasoned decision, which sets forth the rationale for the decision and the reasons for accepting the evidence relied upon. In addition, Section 422(a) now requires the WCJ, when faced with conflicting evidence, to "adequately explain the reasons for rejecting or discrediting competent evidence." 77 P.S. § 834.[2]

Employer argues that the amount of time each doctor spent with Claimant is not a legally adequate basis for rejecting competent evidence. Employer argues that to uphold the WCJ's decision would be to endorse a firm rule that the treating physician's opinion is always entitled to greater weight. Employer also objects to the fact that the WCJ considered the frequency with which Dr. Swartz testifies on behalf of employers.

The requirement that the WCJ adequately explain his reasons for accepting or rejecting evidence protects the parties to a decision by ensuring that a legally erroneous basis for a finding will not lie undiscovered. For instance, if a WCJ rejects evidence based on an erroneous conclusion that testimony is equivocal, or that the evidence is hearsay or

---

1. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. § 834.

2. In its entirety, Section 422(a) of the Act states as follows:
   > Neither the Board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reason for its rejection. The adjudication shall provide the basis for meaningful appellate review.

for some other reason incompetent, such legal error will be evident and can be corrected on appeal.

■ However, the WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished by the amendments to Section 422(a). Such determinations are binding on appeal unless made arbitrarily and capriciously. *Ryan v. Workers' Compensation Appeal Board (Community Health Services),* 550 Pa. 550, 707 A.2d 1130 (1998). Here, the WCJ's decision reflects that he reviewed the evidence of record and that his credibility determination was based on Dr. Kranik's greater familiarity and length of experience with Claimant. The WCJ's explanation reflects that his determination was not made arbitrarily or capriciously.

■ In addition, this Court's scope of review remains limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the WCJ's findings are supported by substantial evidence. *Hoffmann v. Workers' Compensation Appeal Board (Westmoreland Hospital),* 711 A.2d 567 (Pa.Cmwlth. 1998). The WCJ's comments relating to the length of Dr. Swartz's examinations and his history as a medical witness are supported by the record and reflect no legal error. As the WCJ's credibility determinations were not made arbitrarily and capriciously and as his findings are supported by substantial evidence, the WCJ's decision cannot be disturbed on appeal. *Ryan.* We further conclude that the WCJ's decision sets forth an adequate explanation [3] of his reasons for accepting and rejecting evidence, and therefore satisfies the requirements of Section 422(a) of the Act.

Accordingly, we affirm.

### ORDER

NOW, September 4, 1998, the order of the Workers' Compensation Appeal Board, at

---

3. We observe that Section 422(a) does not require "adequate reasons," but an adequate expla-

No. A97–2155, dated April 9, 1998, is affirmed.

---

nation of those reasons, in order for appellate review to be meaningful.