# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arnold Gilliam, : 
 :
 Petitioner :
 :
 v. : No. 1289 C.D. 2017
 : Submitted: February 9, 2018
Workers' Compensation Appeal :
Board (Li and Uninsured :
Employers Guarantee Fund), :
 :
 Respondents :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED:  August 3, 2018


Arnold Gilliam (Claimant) petitions for review of the August 16, 2017 order of the Workers' Compensation Appeal Board (Board), insofar as it affirmed the decision of a workers' compensation judge (WCJ) terminating Claimant's entitlement to indemnity and medical compensation benefits as of October 28, 2015. We affirm.

Claimant worked for Construction Building Supply LLC (Employer) as a truck driver from May 2013 to November 17, 2014. On August 15, 2014, Claimant sustained an injury to his back in the course and scope of his employment after lifting and delivering cement bags. Claimant notified Employer about the problem but continued to work until November 17, 2014, when he was laid off for lack of work.

Claimant first sought medical treatment for his work injury on November 18, 2014, when he was evaluated for lower back pain at the emergency room of Cooper University Hospital. Claimant received unemployment compensation benefits for the period from November 16, 2014, until May 2015, and he returned to sedentary work for a concrete company in June 2015.

On January 14, 2015, Claimant filed a claim petition against Employer, which is uninsured, seeking benefits for disability relating to the August 15, 2014 injury. On March 10, 2015, Claimant filed a claim petition against the Uninsured Employers Guaranty Fund[1] (UEGF) alleging the same work injury. On January 26, 2016, Employer filed a "protective" termination petition alleging that Claimant was fully recovered from the August 15, 2014 work injury as of October 28, 2015.[2] The parties filed timely answers to the petitions denying all allegations.

Before the WCJ, Claimant testified that he worked as a truck driver for Employer, and his duties included loading and unloading items from the truck. Claimant asserted that on August 15, 2014, after making a delivery of 90-pound cement bags and 16-foot-long beams, he felt something in his back and reported an injury to Employer. Claimant testified that although he was able to continue performing his full-duty job for Employer until November 17, 2014, he had lower back pain from lifting during that period. Claimant said he eventually sought medical treatment at the Cooper University Hospital emergency room.

Claimant also presented the October 27, 2015 deposition testimony of Kishor Patil, M.D., a board-certified neurologist, who examined Claimant twice in

---

[1] Although this party's name is misspelled in the petition for review and caption, we use the correct spelling in the body of our opinion.

[2] Reproduced Record (R.R.) at 23-26.

2

June 2015. Dr. Patil diagnosed Claimant with lumbar disc disease with a right S1 radiculopathy. He directed Claimant to continue with chiropractic care and referred him to a pain management specialist. Dr. Patil opined that Claimant's injury was caused by repetitive heavy lifting that caused the disc to protrude and the nerve to become compressed. Dr. Patil believed that these injuries were caused by Claimant's work duties from August 2014 and that Claimant should be limited to sedentary work.

Employer's owner, Charlie Li, testified that Claimant did not work for him in August 2014. Mr. Li acknowledged that he communicated with delivery drivers via cell phone and that he had called Claimant multiple times in August 2014. However, Mr. Li testified that he made those calls asking Claimant to come back to work. Mr. Li confirmed that he laid Claimant off in November 2014.

Employer also presented the January 16, 2016 deposition testimony of Richard Schmidt, M.D., a board-certified orthopedic surgeon, who conducted an independent medical examination (IME) of Claimant on October 28, 2015. Dr. Schmidt obtained a comprehensive medical history from Claimant, including his description of the August 15, 2014 work injury and subsequent medical treatment. Dr. Schmidt performed a physical examination, and he reviewed a June 9, 2015 CAT scan report and the EMG report from June 22, 2015 authored by Dr. Patil. Dr. Schmidt stated that his evaluations revealed no objective abnormalities related to the August 15 injury. He opined that Claimant had not sustained a posttraumatic lumbar radiculopathy, lumbar facet syndrome, or lumbar displaced disc. Based upon his physical examination of Claimant and review of the medical reports, Dr. Schmidt opined that Claimant has fully recovered from a lumbar strain and all other injuries.

3

He signed an affidavit of recovery reflecting full recovery from a diagnosis of lumbar strain, stating that Claimant may return to full unrestricted work duties.

The WCJ accepted Claimant's testimony concerning the occurrence of the August 15 work incident and rejected Mr. Li's testimony that Claimant did not work for him in August 2014. The WCJ credited Dr. Patil's testimony and relied on it to find that Claimant sustained a lumbar strain with radiculopathy that resulted in a temporarily disabling work injury. However, the WCJ accepted Dr. Schmidt's testimony that Claimant had no continuing work related injuries as of October 28, 2015. Based on those credibility determinations, the WCJ granted Claimant's claim petition and awarded benefits for the period starting November 17, 2014, and ordered benefits terminated effective October 28, 2015.

Both parties appealed to the Board, which affirmed the WCJ's decision. On appeal to this Court,[3] Claimant argues that the WCJ's termination of Claimant's benefits was not supported by substantial evidence[4] and that the WCJ's decision is not reasoned. We disagree.

Initially, we note that in a claim proceeding, the claimant bears the burden of proving all of the elements necessary for an award of benefits, including the burden to establish the duration of disability. *Varghese v. Workmen's*

---

[3] Our scope of review is limited to determining whether necessary findings were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Minicozzi v. Workers' Compensation Appeal Board (Indus. Metal Planting, Inc.)*, 873 A.2d 25, 28 n.1 (Pa. Cmwlth. 2005).

[4] Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a finding. *York Terrace/Beverly Enters. v. Workmen's Compensation Appeal Board (Lucas)*, 591 A.2d 762, 764 n.5 (Pa. Cmwlth. 1991). We must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. *A & J Builders, Inc. v. Workers' Compensation Appeal Board (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013).

4

*Compensation Appeal Board (City of Philadelphia, Dep't of Health)*, 682 A.2d 443, 445-46 (Pa. Cmwlth. 1996); *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). A WCJ can terminate benefits within the context of a claim proceeding even when the employer never filed a termination petition. *Ohm v. Workmen's Compensation Appeal Board (Caloric Corp.)*, 663 A.2d 883, 885-86 (Pa. Cmwlth. 1995) (holding that, in a claim petition proceeding, the WCJ is authorized to terminate benefits as of the date the disability ceased, even if a termination petition has not been filed, if the claimant has not carried his burden to establish a continuing disability).

We have previously explained that, "[in the context of] a claim petition proceeding, no work-related injury has yet been recognized . . . . If the WCJ [determines] that the evidence supports a finding of disability only for a closed period, [he or she] is free to make such a finding." *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010) (citations omitted). Further, it is appropriate for the WCJ to terminate benefits as of the date on which a medical expert examined the claimant and found him to be fully recovered from his work-related injuries. *Id.* In this case, the WCJ credited Dr. Schmidt's testimony and relied on it to find that Claimant was fully recovered at the time of the October 28, 2015 IME.

Claimant contends that Dr. Schmidt's testimony is not competent to support a finding of full recovery because Dr. Schmidt did not accept the description of the injury recognized by the WCJ in crediting Dr. Patil's testimony. We dismissed this same argument in *Milner* ("no work-related injury has yet been recognized"). 995 A.2d at 496. More important, in this case, the WCJ *expressly* "reject[ed] the testimony of Dr. Patil regarding the nature and extent of the injury and [Claimant's]

5

ongoing medical condition and ability to work after the [IME]." WCJ's Finding of Fact No. 31.

Claimant additionally argues that Dr. Schmidt's testimony is not competent because he did not review all of Claimant's medical records. However, it is well settled that "'the fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency.'" *Huddy v. Workers' Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006) (citations omitted).

Claimant also asserts that the WCJ's decision to accept Dr. Schmidt's testimony over Dr. Patil's on the issue of Claimant's full recovery is not reasoned. Claimant complains that the WCJ placed great emphasis on Dr. Schmidt's characterization of the lumbar MRI study as benign, contrary to Dr. Patil's more informed opinion. Claimant also emphasizes that Dr. Patil is board-certified in neurology and devotes ten to fifteen percent of his practice to occupational injuries, whereas Dr. Schmidt is an orthopedist with a subspecialty in orthopedic oncology.

As stated in Section 422(a) of the Workers' Compensation Act (Act),[5] a reasoned decision is one that contains findings of fact and conclusions of law,

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834. Section 422(a) states:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge *must adequately explain the reasons* for rejecting or discrediting

6

based on all the evidence, which clearly and concisely state and explain the rationale for the WCJ's decision. 77 P.S. §834. Claimant argues that our appellate review includes a determination of "whether the [WCJ's] credibility findings are supported by adequate reasons." Claimant's brief at 10. However, "[i]n making these arguments, Claimant misconstrues the reasoned decision requirement of the Act." *Green v. Workers' Compensation Appeal Board (US Airways)*, 155 A.3d 140, 147 (Pa. Cmwlth.), *appeal denied*, 169 A.3d 1081 (Pa. 2017). In *Green*, we explained:

> The requirement that the WCJ adequately explain his reasons for accepting or rejecting evidence protects the parties to a decision by ensuring that a legally erroneous basis for a finding will not lie undiscovered. For instance, if a WCJ rejects evidence based on an erroneous conclusion that testimony is equivocal, or that the evidence is hearsay or for some other reason incompetent, such legal error will be evident and can be corrected on appeal.

*Green*, 155 A.3d at 147 (quoting *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchinson)*, 717 A.2d 1086, 1088-89 (Pa. Cmwlth. 1998)).

Thus, Section 422(a) does not require the WCJ to provide *adequate reasons* for accepting or rejecting evidence but, rather, an *adequate explanation* of his or her reasons. 717 A.2d at 1089 n.3. "It is well established that the [WCJ], as factfinder, has exclusive province over questions of credibility and evidentiary

---

competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and *explain adequately* the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. §834 (emphasis added).

7

weight . . . [and] is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Greenwhich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995) (citations omitted). "[T]he WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished by the amendments to Section 422(a). Such determinations are binding on appeal unless made arbitrarily and capriciously." *PEC Contracting Engineers*, 717 A.2d at 1089. After careful review, we discern no legal error underlying the WCJ's findings, and we reject Claimant's challenge to the WCJ's authority as factfinder.

Finally, Claimant asserts that the WCJ's Finding of Fact No. 42 should be modified to remove a reference to Employer's entitlement to a credit. In relevant part, Finding of Fact No. 42 states, "Employer/UEGF is entitled to a credit for any disability payments paid by the Employer out of its own general funds or out of sick or accident benefits, not as wages or salary for work performed, but in relief of [Claimant's] incapacity to work . . . ." WCJ's 10/17/2016 Decision, Finding of Fact No. 42.

However, as the Board observed, the WCJ did not award Employer the $3,200.00 credit Employer asserted during the hearing.[6]

> It is an elementary rule of appellate practice that one does not appeal a *finding of fact* of a tribunal. What is appealed is the *order* of the tribunal. This principle is reflected in Pa. R.A.P. 341(a) which states that 'any appeal may be

---

[6] The Board explained that an employer must present its claim for any credit to which it may be entitled during an initial claim proceeding, or the claim for credit is waived entirely. *Boeing Helicopters v. Workers' Compensation Appeal Board (Cobb)*, 713 A.2d 1181, 1186 (Pa. Cmwlth. 1998). The Board concluded that, because Employer failed to establish entitlement to a specific amount of credit, Employer waived its right to a credit and the WCJ did not err in denying Employer's claim. *McKay v. Workmen's Compensation Appeal Board (Osmolinski)*, 688 A.2d 259, 263 (Pa. Cmwlth. 1997).

8

taken as of right from any final *order* of an administrative agency or lower court.' Pa. R.A.P. 341(a) (emphasis added) . . . .

*Wright v. Workmen's Compensation Appeal Board (Adam's Mark Hotel)*, 639 A.2d 1347, 1349 (Pa. Cmwlth. 1994).

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arnold Gilliam, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1289 C.D. 2017 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Li and Uninsured | : | |
| Employers Guarantee Fund), | : | |
| | : | |
| Respondents | : | |

O R D E R

AND NOW, this 3rd day of August, 2018, the order of the Workers' Compensation Appeal Board, dated August 16, 2017, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge