`IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heriberto Flores-Vargas,                  :
                                          :
                    Petitioner            :
                                          :
           v.                             : No. 330 C.D. 2018
                                          : Submitted: September 28, 2018
Workers' Compensation Appeal              :
Board (Luzon, Inc. and State              :
Workers' Insurance Fund),                 :
                                          :
                    Respondents           :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 5, 2019


          Heriberto Flores-Vargas (Claimant) petitions for review of the
February 14, 2018 order of the Workers' Compensation Appeal Board (Board),
which affirmed the decision of a workers' compensation judge (WCJ) denying
Claimant's petitions for penalties and litigation costs.  We affirm.

          On October 7, 2011, Claimant filed a claim petition alleging that he
sustained a herniated lumbar disc with bilateral radiculopathy during the course of
his employment with Luzon, Inc., (Employer) resulting in disability from
September 22, 2011, and ongoing.  Employer filed a timely answer denying these
allegations and the petition was assigned to a WCJ.

Claimant testified before the WCJ through an interpreter. Claimant said that he worked for Employer for about a month, forty hours per week, demolishing houses. He stated that he injured his back on September 22, 2011, while he was carrying a 100-pound, 20-foot beam out to the trash. Claimant explained that another employee had been helping him carry the beam, which was wet and heavy, but the boss said that only one person needed to carry it. Claimant said he began to feel pain in his back and stopped working. He testified that he was lying on the floor for about an hour, waiting for someone to call an ambulance. Eventually, his coworkers carried him to a company van on a plank, and his supervisor drove him to the hospital. He underwent a lumbar MRI the following day. Claimant saw a panel doctor two or three times, and his attorney subsequently referred him to Daisy Ann Rodriguez, M.D., who provided therapy and medication. WCJ's decision, 2/13/13, Finding of Fact (F.F.) No. 2.

Claimant said that Employer paid him for the time he worked and sent him a check after he stopped working. Claimant noted that, approximately five days after his injury, Employer offered him a light-duty position that he declined due to his back pain. Claimant testified that he continued to have pain in his back, legs, and the soles of his feet, and he did not believe he was able to return to work. *Id.*

Claimant presented the deposition testimony of Dr. Rodriguez, who is board-certified in internal medicine. Dr. Rodriguez testified that she first saw Claimant on October 11, 2011, at which time she reviewed Claimant's medical history, performed a physical examination, and ordered MRI testing. Claimant reported to Dr. Rodriguez that he experienced sudden pain in his lower back on September 22, 2011, while moving a beam. He told her that his coworkers took

2

him to Healthmark at Jefferson University Hospital for an occupational health evaluation of his back pain, where he was given a cane and released to modified duty.

Dr. Rodriguez testified that a lumbar MRI on October 20, 2011, showed straightening of the lordotic curvature with mild reversal consistent with severe spasm. She said there was protrusion and left lateral herniation extending into the left L4-5 neural foramen and a protrusion at the L5-S1 level. She stated that an EMG study on December 1, 2011, was consistent with radiculopathy. Dr. Rodriguez testified that she ordered physical therapy for Claimant three times per week, including heat and a TENS unit. She also prescribed Flexeril, Motrin, and Percocet. Dr. Rodriguez said Claimant complained of moderate to severe pain during his visits in October, November, and December, adding that he did not have any treatment between December 15, 2011, and January 20, 2012, when he went to the Dominican Republic to get married.

Dr. Rodriguez diagnosed Claimant with disc herniation at L4-5 and protrusion at L5-S1 with bilateral radiculopathy, S1 greater than right L5, and strain and sprain. She related all of those diagnoses to the work incident, and she opined that Claimant was not able to return to his pre-injury job. WCJ's decision, 2/13/13, F.F. No. 3.

Employer presented the testimony of Ira Sachs, D.O., a board-certified orthopedic surgeon, who performed an independent medical examination (IME) of Claimant on January 17, 2012. Dr. Sachs testified that he obtained a medical history from Claimant, performed a physical examination, and reviewed Claimant's medical records, including two sets of MRIs, x-rays, and EMG testing.

3

Dr. Sachs stated that the EMG study, which was reported as lumbosacral radiculopathy, bilateral at S1 greater than L5 on the right, did not correlate with the MRIs, with the latter showing essentially mild degenerative changes. Dr. Sachs testified that his physical examination of Claimant revealed normal findings with some signs of symptom magnification. Dr. Sachs opined that Claimant had a resolved lumbosacral strain/sprain, adding that Claimant had fully recovered from any work-related injuries he sustained on September 22, 2011, and that he was capable of returning to work without restrictions. WCJ's decision, 2/13/13, F.F. No. 4.

In her February 13, 2013 decision, the WCJ found Claimant's testimony credible only to establish that he experienced pain while performing his job duties on September 22, 2011, and that he refused Employer's offer for light-duty work despite having medical clearance. The WCJ expressly rejected Claimant's testimony concerning the manner of his injury and his complaints of ongoing pain. WCJ's decision, 2/13/13, F.F. No. 6.[1]

---

[1] The WCJ explained:

> This [WCJ] finds Claimant's testimony to be credible only insofar as he stated that he experienced back pain while performing his job on September 22, 2011, and that he refused a light duty job offer, despite medical clearance. His testimony that he carried a 20-foot-long wet wooden beam weighing in excess of 100 pounds down a flight of stairs by himself and that he was lying on the ground for an hour after the incident is not credible because the courtroom was about 20 feet and it was illogical that no one on his crew would have helped him up sooner. His testimony that he worked 40 hours per week is not credible, because he also testified that he was only employed for about a month and the wage information submitted by [Employer] establishes that he was expected to work *between* 16 and 40 hours per week. His testimony of ongoing

**(Footnote continued on next page…)**

The WCJ accepted the testimony of Dr. Sachs as credible and more persuasive than the contrary testimony of Dr. Rodriguez. WCJ's decision, 2/13/13, F.F. No. 7.[2] The WCJ relied on Dr. Sachs's opinion to determine that Claimant had sustained a lumbosacral strain/sprain on September 22, 2011, from which he had fully recovered by January 17, 2012. The WCJ concluded that Claimant had failed to satisfy his burden of proving a disabling work injury in the nature of a lumbar disc herniation and lumbar radiculopathy and denied Claimant's claim petition.

Claimant appealed to the Board, arguing that, because the WCJ determined that he sustained a lumbar strain and sprain, the WCJ should have awarded medical bills and costs. In its November 4, 2014 decision, the Board agreed that after the WCJ credited Dr. Sachs's testimony that Claimant sustained a

---

**(continued…)**

> disabling pain is not credible, because it conflicts with his decision to stop treating and take a trip to the Dominican Republic.

WCJ's decision, 2/13/13, F.F. No. 6 (emphasis in original).

[2] The WCJ stated:

> This [WCJ] finds Dr. Sachs' testimony and opinion that, at most, Claimant sustained a lumbosacral strain/sprain, which was fully resolved when he examined Claimant on January 17, 2012, to be credible and more persuasive than Dr. Rodriguez' contrary testimony. Dr. Sachs' testimony is credible because it is supported by his clinical findings, MRI studies showing only degenerative changes and the lack of clinical correlations for the reported EMG findings. Dr. Sachs' credentials were also superior with regard to accurately diagnosing and assessing the status of recovery from an orthopedic injury.

WCJ's decision, 2/13/13, F.F. No. 7.

5

lumbosacral strain and sprain, the WCJ should have granted the claim petition to recognize the occurrence of a September 22, 2011 work injury that had resolved as of January 17, 2012.

However, the Board determined that the WCJ's credibility determinations supported the WCJ's conclusion that Claimant failed to prove any disability[3] resulting from a work injury. Additionally, the Board observed that Claimant did not submit any medical bills related to his treatment at the hospital or with panel doctors and that the WCJ rejected Dr. Rodriguez's testimony as to the work-related nature of the injuries for which she provided treatment. Therefore, the Board concluded that no medical expenses were payable.

The Board further observed that while Claimant did submit evidence of costs,[4] the WCJ did not make any findings regarding that issue after denying the

---

[3] For purposes of workers' compensation law, the term "disability" means loss of earning power attributable to the work-related injury. *Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello)*, 747 A.2d 850, 854 (Pa. 2000).

[4] Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, 77 P.S. §996, provides that employees who prevail in whole or in part may be entitled to a reasonable sum for costs incurred in addition to an award for compensation benefits. Section 440(a) of the Act states:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a

**(Footnote continued on next page…)**

claim petition. Accordingly, the Board reversed the denial of the claim petition and remanded the matter for a determination as to any reimbursable litigation costs.

On February 16, 2015, Claimant filed a penalty petition asserting that Employer violated the Act by failing to pay compensation for the closed period from September 22, 2011, through January 17, 2012, within 30 days of the Board's November 4, 2014 decision. Certified Record (C.R.), Item No. 10. On March 1, 2016, Claimant filed a second penalty petition asserting that Employer violated the Act by failing to pay Claimant's litigation costs. C.R., Item No. 31. On remand, the WCJ considered Claimant's penalty petitions along with Claimant's request for reimbursement of $3,610.70 in litigation costs.[5]

In her February 13, 2017 remand decision, the WCJ stated that in order to prevail on the claim petition, Claimant bore the burden of proving more than that he experienced pain on September 22, 2011; Claimant also was required to establish disability from the injuries pleaded, i.e., disability secondary to a disc herniation and radiculopathy. The WCJ concluded that because Claimant failed to meet that burden, no litigation costs could be awarded. The WCJ further

**(continued…)**

reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a).

[5] Claimant sought reimbursement of $3,610.70 in litigation costs, incurred as follows: deposition fee of Dr. Rodriguez-$3,100.00; transcript of testimony, Dr. Rodriguez-$242.15; transcript of testimony, Dr. Sachs-$121.30; and notes of hearing testimony-$146.55. WCJ's decision, 2/13/17, F.F. No. 4.

concluded that Claimant failed to establish that Employer violated the Act and denied Claimant's penalty petitions.

Claimant appealed to the Board, which affirmed. The Board explained that Claimant's litigation costs, including the deposition and deposition transcript of Dr. Rodriguez, were predominately related to the issue on which Claimant did not prevail, namely, that he had suffered disability attributable to a herniated disc with bilateral radiculopathy, rather than the issue of whether Claimant had suffered back pain from a sprain/strain from which he had recovered. The Board also noted that Employer did not owe Claimant any compensation related to the sprain/strain injury and that an award of litigation costs is not warranted where a claimant has received no financial benefit from the litigation.[6]

On appeal to this Court,[7] Claimant first argues that, the Board erred in its 2014 decision by failing to remand for an award of indemnity benefits from September 22, 2011, to January 17, 2012. However, in making this argument, Claimant relies on his testimony and the medical opinions of Dr. Rodriguez, and he fails to acknowledge that this testimony was expressly rejected by the WCJ.

In its first decision, the Board reasoned that the claim petition should have been granted because the WCJ credited Claimant's testimony that he had pain while performing his duties on September 22, 2011, and accepted Dr. Sachs's

---

[6] *See Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949, 956 (Pa. Cmwlth. 2008).

[7] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Morocho v. Workers' Compensation Appeal Board (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017).

opinion that Claimant sustained a lumbosacral strain/sprain from which he had fully recovered. However, the Board recognized that "[t]he WCJ did not accept Claimant's testimony as to the nature of the work injury or any concomitant disability. . . . Moreover . . . the WCJ did not accept Dr. Rodriguez's testimony as to the occurrence of a work-related herniation or radiculopathy, the injuries for which she provided treatment." Board's opinion, 11/4/2014, at 5-6. Thus, the Board determined that the WCJ recognized a work injury for which Claimant failed to establish wage loss or related medical expenses.[8]

Claimant next argues that the WCJ failed to issue a reasoned decision.[9] More specifically, Claimant contends that Employer conceded the

_____

[8] Although Dr. Sachs's diagnosis was a resolved lumbosacral strain/sprain, he offered no opinion concerning Claimant's condition prior to the date of the IME. Because Claimant did not establish any period of disability (wage loss) related to the work injury, we reject Claimant's contention that Employer was required to prove that all disability ceased.

[9] Section 422(a) of the Act, 77 P.S. §834, states:

> Neither the Board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and

**(Footnote continued on next page…)**

9

existence of a work injury by offering Claimant light-duty work. Claimant further asserts that after acknowledging a work injury, Employer was required to present competent evidence to support a suspension and/or termination of benefits.

However, Claimant cites no authority to support these contentions, and Claimant again overlooks the import of the WCJ's credibility determinations. As previously explained, the WCJ credited Claimant's testimony only to the extent it supported a finding that Claimant experienced pain during the course of his employment on September 22, 2011. The WCJ rejected Dr. Rodriguez's testimony in favor of the contrary opinions of Dr. Sachs. Dr. Sachs did not testify that Claimant was disabled by, or required any medical treatment for, the sprain/strain that was resolved at the time of his IME. Accordingly, the credible evidence established the occurrence of a work injury but did not support an award of compensation.

Claimant also argues that the WCJ's findings reflect a deliberate disregard of competent evidence. Claimant asserts that both medical experts agreed that Claimant had no prior history of back issues and, post-accident, he complained about pain radiating bilaterally to his thighs, shins, and feet. Additionally, Claimant questions the WCJ's explanation for rejecting his testimony, asking, for example, why she cited Claimant's travel for his own wedding as a basis to discredit his complaints.

Regarding the reasoned decision requirements of the Act, we have previously explained:

---

**(continued…)**

> explain adequately the reason for its rejection. The adjudication shall provide the basis for meaningful appellate review.

The requirement that the WCJ adequately explain his reasons for accepting or rejecting evidence protects the parties to a decision by ensuring that a legally erroneous basis for a finding will not lie undiscovered. For instance, if a WCJ rejects evidence based on an erroneous conclusion that testimony is equivocal, or that the evidence is hearsay or for some other reason incompetent, such legal error will be evident and can be corrected on appeal.

However, the WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished by the amendments to Section 422(a). Such determinations are binding on appeal unless made arbitrarily and capriciously.

*PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086, 1088-89 (Pa. Cmwlth. 1998). Here, the WCJ's findings reflect that she reviewed the evidence of record and that her determination was based in part on Dr. Sachs's superior credentials. WCJ's decision, 2/13/13, F.F. No. 7. Thus, the WCJ's decision reflects that her determination was not made arbitrarily or capriciously.

Moreover, in addressing a reasoned decision challenge to the WCJ's findings, our scope of review remains limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the WCJ's findings are supported by substantial evidence. 717 A.2d at 1089. In this instance, the WCJ's comments concerning Claimant's activities are supported by the record and reflect no legal error.

Because the WCJ's credibility determinations were not made arbitrarily and capriciously and her findings are supported by substantial evidence, the WCJ's decision cannot be disturbed on appeal. *Id.* Further, we conclude that the WCJ's decision sets forth an adequate explanation of her reasons for accepting

11

and rejecting evidence, and therefore satisfies the reasoned decision requirements of Section 422(a) of the Act. *See PEC*, 717 A.2d at 1089 (noting that Section 422(a) does not require "adequate reasons," but an adequate explanation for those reasons, in order for appellate review to be meaningful).

Finally, Claimant argues that the WCJ erred in failing to order payment of litigation costs and penalties. This Court has repeatedly stressed that a claimant must prevail on a contested issue to be awarded litigation costs. *See Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1289-90 (Pa. Cmwlth. 2010); *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717, 720-22 (Pa. Cmwlth. 2005). Here, Claimant filed a claim petition alleging that he suffered a compensable work injury on September 22, 2011, was disabled as a result, and was entitled to payment for lost wages and medical expenses. Claimant's medical evidence was not credited by the WCJ, who cited Dr. Sachs's opinion as support for the finding that Claimant suffered a sprain or strain for which no compensation was due. Because Claimant did not prevail, in whole or in part, on the contested issue of whether he was entitled to benefits, the WCJ did not err in denying his request for litigation costs. *Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949, 956 (Pa. Cmwlth. 2008).

In *Watson*, we held that a claimant was not entitled to litigation costs where she only established that she suffered a concussion rather than a head contusion because the change in injury description did not result in any financial benefit to the claimant. *Id.* at 955-56 ("Claimant did not prevail on any disputed issue before the WCJ. Stated otherwise, the WCJ awarded Claimant no financial benefit beyond the medical expenses Employer previously agreed to pay."). Here,

the WCJ's decision to grant Claimant's claim petition did not result in any practical, quantifiable benefit to Claimant, because there was no corresponding finding that Claimant was entitled to indemnity payments or medical benefits.

With respect to the issue of penalties, Claimant contends that the grant of the claim petition mandated the award of wage loss and medical benefits from the date of injury until evidence was presented supporting a suspension or termination of benefits. Consequently, Claimant argues that benefits were due and owing as of December 4, 2014, thirty days after the Board's unappealed order, and that Employer's failure to pay compensation was a violation of the Act.[10]

When a violation of the Act occurs, the assessment of penalties under Section 435 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §991, is within the discretion of the WCJ. *City of Philadelphia v. Workers' Compensation Appeal Board (Sherlock)*, 934 A.2d 156, 160-61 (Pa. Cmwlth. 2007). However, a violation of the Act must appear in the record for a penalty to be appropriate. *Frye v. Workers' Compensation Appeal Board (Volkswagen of America)*, 823 A.2d 1063, 1067 (Pa. Cmwlth. 2003). Because no violation of the Act was established in this case, the WCJ properly denied Claimant's penalty petitions.

As Claimant acknowledges, the WCJ's complete authority over questions of witness credibility and evidentiary weight is not subject to challenge on appeal. Regardless of whether this Court may have viewed the evidence

---

[10] *See Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202, 1204 (Pa. Cmwlth. 2000) ("An employer violates Section 428 of the Act, 77 P.S. §921, if the employer does not begin to make payments within thirty days of the date on which its obligation to pay arises.").

differently, we are bound by the WCJ's findings where, as here, they are supported by substantial evidence and reflect no legal error.

Accordingly, we affirm.

 

_____
MICHAEL H. WOJCIK, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Heriberto Flores-Vargas, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 330 C.D. 2018 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Luzon, Inc. and State | : | |
| Workers' Insurance Fund), | : | |
| | : | |
| Respondents | : | |

# O R D E R

AND NOW, this 5th day of April, 2019, the order of the Workers'
Compensation Appeal Board, dated February 14, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge